UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Duane Kaiser,

                Plaintiff,                Court File No. 17-cv-1716 (JRT/LIB)

v.                                  **REPORT AND RECOMMENDATION**

Fed Ex Cargo Claims Dept.,

                Defendant.

This matter came before the undersigned United States Magistrate Judge pursuant to two orders of referral, [Docket Nos. 10 and 19], made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), and upon Defendant's Motion to Dismiss, [Docket No. 6], and Plaintiff's Motion to Remand to State Court, [Docket No. 12]. This Court held a Motion Hearing on August 17, 2017, and Defendant's Motion to Dismiss, [Docket No. 6], and Plaintiff's Motion to Remand to State Court, [Docket No. 12], were taken under advisement thereafter. (See, Minute Entry, [Docket No. 24]).

For the reasons set forth below, the Court recommends that Defendant's Motion to Dismiss, [Docket No. 6], be **DENIED as moot**, and Plaintiff's Motion to Remand to State Court, [Docket No. 12], be **GRANTED**.

I.     **STATEMENT OF ALLEGED FACTS[1] AND PROCEDURAL HISTORY**

Plaintiff Duane Kaiser purchased two outboard motors from a seller in Florida, who shipped the motors to him in Minnesota by Defendant Fed Ex. (Wood Aff., Exh. A, [Docket No.

---

[1] For the purposes of the present Motion to Dismiss under Rule 12(b)(6), the Court accepts the facts alleged in the operative First Amended Complaint, [Docket No. 17], as true and construes them in the light most favorable to Plaintiffs. See, Riley, 153 F.3d at 629 (citing Double D Spotting Serv., Inc., 136 F.3d at 556).

8-1], 1; Prince Dec., Exh. E, [Docket No. 15], 21). Plaintiff alleges that the motors were damaged during shipping; as a result, on December 30, 2016, he filed a pro se claim in Minnesota State Conciliation Court. (See, Id. at Exh. A, [Docket No. 15], 6; Id. at Exh. B, [Docket No. 15], 8). Plaintiff sought $10,000 plus filing fees and costs of $75.[2] (Id.). The Statement of Claim Plaintiff filed to initiate his case in Conciliation Court was a fill-in-the-blank form, on which Plaintiff stated:

> The Defendant(s) owe(s) me $10,000, plus filing fees and costs of $75.00, for a total of $10,075.00 because on or about _____ (state month and year) the following event occurred (briefly describe the event): I purchased 2 2013 350 hp mercury verado motor they were damaged in shipping. FedEx refuses to acknowledge any responsibility[.]

([Docket No. 1-1], 1).

A conciliation hearing was held on April 12, 2017, and on April 25, 2017, Judge John G. Melbye issued an Order entering Judgment in Plaintiff's favor in the amount of $10,000 plus fees of $75. (Id. at Exh. A, [Docket No. 15], 6; Id. at Exh. E, [Docket No. 15], 20). In the written Order, Judge Melbye noted that the repair estimate for the engines was $10,534.98 plus labor and the declared value of the engines at was $40,000, but found Defendant liable only "for the amount stated in the complaint"—$10,000. (Id. at 21).

On May 17, 2017, Defendant removed the case to Minnesota State District Court for a de novo trial by jury, pursuant to Minn. Stat. Ann. § 491A.02, Subd. 6. (Id. at Exh. F, [Docket No. 15], 24).

---

[2] Minn. Stat. § 491A.01, Subd. 3a, states: "[T]he conciliation court has jurisdiction to hear, conciliate, try, and determine civil claims if the amount of money or property that is the subject matter of the claim does not exceed: (1) $15,000; or (2) $4,000 if the claim involves a consumer credit transaction."

On May 23, 2017, Defendant removed the case from the Minnesota State District Court to this Court.[3] (Notice of Removal, [Docket No. 1]). As grounds for removal, Defendant asserts that Plaintiff's state-law claim is completely preempted by the Carmack Amendment to the Interstate Commerce Commission Termination Act, 49 U.S.C. § 14706, *et seq.*, and therefore, this Court has jurisdiction and the action is subject to removal to federal court. (Id. at 2).

Two days later, on May 25, 2017, Defendant filed the present Motion to Dismiss, [Docket No. 6]. It argues that this action must be dismissed because Plaintiff attempts to recover damages under state law which are only available under federal law, due to the complete preemption by the Carmack Amendment. (Mem. in Supp., [Docket No. 7], 1-2).

On June 23, 2017, Plaintiff—through counsel he obtained after the removal to this Court—filed the Motion to Remand to State Court, [Docket No. 12], which is now before this Court. Plaintiff argues that applicable federal law precludes removal of this matter, as he is not seeking more than $10,000. (Mem. in Supp., [Docket No. 14], 5-6). Plaintiff also argues that the removal was untimely. (Id. at 6-7). Finally, Plaintiff's counsel requests an award of costs and attorney's fees. (Id. at 8-9).

## II. PLAINTIFF'S MOTION TO REMAND TO STATE COURT, [Docket No. 12]

Although it was filed second, this Court addresses the Motion to Remand, [Docket No. 12], before addressing the Motion to Dismiss, [Docket No. 6], because if the Motion to Remand is granted, it will render the Motion to Dismiss moot. See, Alliance Energy Servs., LLC v. Kinder Morgan Cochin LLC, 80 F. Supp. 3d 963, 964, 973 (D. Minn. 2015) (where a federal court lacks jurisdiction, necessitating remand, it may not make any substantive rulings).

---

[3] In its Civil Cover Sheet, Defendant identified diversity jurisdiction as the basis for removal. ([Docket No. 2]). When Plaintiff pointed out that diversity jurisdiction does not exist in the present case, (see, Mem. in Supp. of Remand, [Docket No. 14], 5-6), Defendant acknowledged that its indication of diversity jurisdiction was a scrivener's error and it had intended the basis of removal to be federal question jurisdiction. (Mem. in Opp. to Remand, [Docket No. 22], 3).

3

### A. Standards of Review

A party opposing removal may bring a motion requesting that the federal court remand the case back to state court. 28 U.S.C. § 1447(c). The district court shall remand the case back to state court if it determines that the court lacks subject matter jurisdiction. Id., Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005). On a motion to remand, the party seeking removal and opposing remand bears the burden of demonstrating federal jurisdiction by a preponderance of the evidence. In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010); In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). The federal court should resolve any doubt as to the propriety of removal in favor of remand. Prempro, 591 F.3d at 620; Bus. Men's Assur., 992 F.2d at 183. "In addition to the notice of removal and its exhibits, to determine whether there is jurisdiction, the court may consider documents submitted after the notice of removal as well as those attached to subsequent motions." Guggenberger v. Starkey Labs., Inc., No. 16-cv-2021, 2016 WL 7479542, at *5 (D. Minn. Dec. 29, 2016).

In re Trusts Established under the Pooling and Servicing Agreements Relating to the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C30, et al., ___ F. Supp. 3d ___, 2017 WL 991044, *4 (D. Minn. 2017).

"A defendant may remove 'only state-court actions that originally could have been filed in federal court.'" Smith v. Local Union No. 110, Intern. Brotherhood of Electric Workers, 681 F. Supp. 2d 995, 997 (D. Minn. 2010) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (Citations omitted). Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

### B. Analysis

The Carmack Amendment "was first enacted in 1906 as an amendment to the Interstate Commerce Act . . . . [It] has been altered and recodified over the last century" and now "governs the terms of bills of lading issued by domestic [motor] carriers." See, Kawasaki Kisen Kaisha

4

Ltd. v. Regal-Beloit Corp., 561 U.S. 89, 96-97 (2010). "The Carmack Amendment 'essentially provides that a carrier is liable for the actual loss or injury it causes to a shipper's property.'" (Citation omitted.) Union Pacific Railroad Company v. Beemac Trucking, LLC, 929 F. Supp. 2d 904, 913 (D. Neb. 2013); see, also, 49 U.S.C. § 14706(a) (addressing liability for motor carriers under the Carmack Amendment).

Although Plaintiff's claim was brought on state-law grounds in Conciliation Court, Defendant argues that actions such as the present one for damage arising during the interstate transportation of freight cannot be brought on state law grounds because the Carmack Amendment completely preempts this field of the law. (Mem. in Supp. of Dismissal, [Docket No. 7], 2). This interpretation has been adopted by several Courts, including the United States District Court, District of Minnesota.[4]

Generally speaking, federal and state courts have concurrent jurisdiction over Carmack Amendment claims. See, 49 U.S.C. § 14706(d)(1) ("A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court.");

---

[4] The Eighth Circuit has not yet spoken directly to whether the Carmack Amendment completely preempts all state law causes of action resulting from damage to freight during interstate shipping. See, Zumba Fitness, LLC v. ABF Logistics, Inc., No. 1:15-cv-02151, 2016 WL 4544355, * (W.D. Ark. August 30, 2016) (noting split on the question of whether the Carmack Amendment completely preempts state law remedies in the area and stating "there is apparently no Eighth Circuit precedent on the matter"). However, other courts have so found. See, e.g., Rush Industries, Inc. v. MWP Contractors, LLC, 539 Fed. Appx. 91, 95 (Fourth Circuit 2013) (holding "that the Carmack Amendment preempts Rush Industries' state and common law claims . . . ."); Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) ("'It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property' and thus completely preempts such claims."); Tran Enterprises, LLC v. DHL Exp. (USA), Inc., 627 F.3d 1004, 1008 (5th Cir. 2010) (noting its prior holding that "'Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier."); Federated Mut. Ins. Co. v. Con-Way Freight, Inc., No. 15-cv-450 (ADM/BRT), 2015 WL 2194863, * (D. Minn. May 11, 2015) ("Courts have routinely found that the Carmack Amendment preempts state law if the cause of action involves loss or damage to goods caused by the interstate shipment of those goods by a common carrier. 'It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property.'" (Citations omitted.)). In addition, language from the United States Supreme Court supports this interpretation. See, N.Y., N.H. & Hartford R. Co. v. Nothnagle, 346 U.S. 128, 131 (1953) ("With the enactment in 1906 of the Carmack Amendment, Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss.").

49 U.S.C. § 14706(d)(3) ("A civil action under this section may be brought in a United States district court or in a State court."). However, pursuant to 28 U.S.C. § 1337:

> (a) The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however*, That the district courts shall have original jurisdiction of an action brought under [the Carmack Amendment], <u>only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs</u>.

(Emphasis added.) Therefore, even assuming that the Carmack Amendment <u>does</u> operate to completely preempt state-law-based claims based upon damage to freight during interstate transportation, it does so only for claims over $10,000.

In support of his Motion to Remand, [Docket No. 12], Plaintiff argues that the "amount in controversy" in the present case "does not exceed '10,000, exclusive of interest and costs.'" (Mem. in Supp., [Docket No. 14], 6).

Defendant disagrees, arguing that "the amount in controversy now exceeds $10,000.00." (Mem. in Opp., [Docket No. 22], 4). Defendant argues that Judge Melbye's statement in his Conciliation Court Order that "Plaintiff submitted photos and a repair estimate for $10,534,98" was an indication that Plaintiff presented evidence in Conciliation Court "establishing damages exceeding $10,000.00." (Id.). Defendant further asserts that Judge Melbye only awarded Plaintiff $10,000 because Judge Melbye was limited in awarding damages to the amount claimed in Plaintiff's Statement of Claim to the Conciliation Court but that limitation is negated by the removal of the Conciliation Court case action to State district court for a de novo trial, because proceedings in State district court are governed by the Minnesota Rules of Civil Procedure, which provide in relevant part that a plaintiff may recover an award in excess of that pled in the complaint. (Id. at 4-6). Minn. R. Civ. P. 54.03 states:

> A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, <u>every other judgment</u> shall grant the relief to which the party in whose favor it is rendered is entitled.

(Emphasis added.) Thus, Defendant argues that because Plaintiff could <u>potentially</u> recover over $10,000 on his claims if brought in Minnesota State district court, 28 U.S.C. § 1337(a) does not prohibit the removal of the present case to this Court. (Mem. in Opp., [Docket No. 22], 5-6).[5]

Although neither party has cited nor has the Court's independent legal research revealed legal authority directly addressing whether the "amount in controversy" for purposes of determining a Carmack Amendment claim's removability is calculated by a potential claim or an actual claim, guidance can be found in general principles from other instances in which Congress has instituted a jurisdictional monetary threshold. For example, the United States Supreme Court has long held: "If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." <u>St. Paul Mercury Indemn. Co. v. Red Cab Co.</u>, 303 U.S. 283, 294 (1938). More recently, the United States Supreme Court quoted this language and again noted: "[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." <u>Standard Fire Ins. Co. v. Knowles</u>, 568 U.S. 588, 595 (2013).

---

[5]Defendant also argues that the "amount in controversy" is defined by 28 U.S.C. § 1446(c)(2)(A), which allows the notice of removal to determine the amount in controversy under certain circumstances. (Mem. in Opp., [Docket No. 22], 6). However, that statutory subsection, by its very language, applies only to cases removed on the basis of diversity of citizenship. <u>See</u>, 28 U.S.C. § 1446(c). The present case was removed as a federal question case, not under diversity of citizenship, so 28 U.S.C. § 1446(c)(2)(A) does not apply.

7

Moreover, Plaintiff stated on the record at the August 17, 2017, Motions Hearing that he will not seek more than $10,000 in damages under the Carmack Amendment.[6] (Aug. 17, 2017, Motions Hearing, Digital Record, 2:02-03). Thereafter, Defendant conceded on the record that, based upon this representation, it can no longer pursue the Carmack Amendment claim in this Court, as the amount in controversy does not meet the threshold monetary requirement for removal that the claim exceed $10,000.[7] (Id. at 205-12). See, Donelow v. Kmart Corp., No. 2:11-00549, 2011 WL 6936359, * (S.D. W. Va. Dec. 29, 2011) (remanding case to state district court after parties stipulated that the plaintiff would not accept any recovery in excess of $75,000, which was the jurisdictional amount-in-controversy threshold for the diversity jurisdiction claim which the defendant had removed to Federal Court). Although the parties have not entered into a formal stipulation binding Plaintiff to a $10,000 recovery, the parties' representations to this Court on the record at the August 17, 2017, Motion Hearing are sufficient to obtain a remand to Minnesota state district court.

Also supporting this Court's recommendation that the case be remanded is the persuasive authority found in Quintessence of Home Appliances, Inc. v. R+L Carriers, Inc., No. 3:08-cv-

---

[6] And the Court notes that at no point in the judicial proceedings represented in the record now before this Court has Plaintiff sought to recover an amount in excess of $10,000.

[7] In addition, Defendant will suffer no prejudice if the case is remanded, because the Minnesota Supreme Court has stated that a plaintiff's recovery is limited to the amount stated in the complaint if the defendant would be prejudiced by an increase in that amount. The Minnesota Supreme Court specifically held that "where a party chooses to sue for an amount that will or may deprive another party of a right he may have, the plaintiff is bound by such choice unless he takes action to amend his complaint within such time as will enable the defendant to assert the right which he has." Stephenson v. F.W. Woolworth Co., 277 Minn. 190, 197 (Minn. 1967). The present situation fits squarely into this exception. Plaintiff's choice to sue for less than $10,000 operates to deprive Defendant of the option of removing the case to federal court. Moreover, at the August 17, 2017, Motion Hearing, Plaintiff explicitly represented on the record that he will not seek more than $10,000 in damages under the Carmack Amendment. (August 17, 2017, Motion Hearing, Digital Record, 2:02-03). Therefore, there is no potential prejudice to Defendant by granting the Motion to Remand, as Plaintiff will not be able to increase his claim under the Carmack Amendment upon return to Minnesota State District Court.

618-J-32MCR, 2008 WL 11336255, *4 (M.D. Fla. November 23, 2008). In that case, the United States District Court for the Middle District of Florida remanded a Carmack Claim to Florida state district court where "the Plaintiff clearly pleaded damages below the jurisdictional amount" by stating that "each individual claim for damages does not exceed $10,000." Id. Although the United States District Court for the Middle District of Florida recognized that the area of law regarding the valuation of Carmack Amendment claims—the issue in that case—was unsettled, it reiterated that the burden is on the nonmoving party to demonstrate that removal was proper, and it concluded: "At minimum, there is an ambiguity that must be decided in favor of remand."

Similarly, in the case presently before the Court, at a minimum, there is an ambiguity over whether the amount in controversy for a Carmack Claim is determined based upon damages pled by Plaintiff or based upon the potential damages alleged by Defendant. This ambiguity is resolved in the present case by the parties' representations on the record at the August 17, 2017, Motion Hearing, but even assuming solely for the sake of argument that Plaintiff had not agreed to restrict his recovery to $10,000, remand would nevertheless be warranted, as all doubt regarding the propriety of removal must be resolved in favor of remand. See, Kokkonen, 511 U.S. at 377 (setting forth presumption "that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction"); Prempro, 591 F.3d at 620 (stating that the Court should resolve any doubt as to the propriety of removal in favor of remand).

In summary, it is far from settled that a defendant may meet the monetary threshold of an excess of $10,000 required for removal of a Carmack Amendment claim from state court to federal court by including "potential" damages in addition to those damages actually pled by the plaintiff. As such, any doubt regarding this Court's removal jurisdiction must be resolved in

favor of remand. In addition, Plaintiff has now stated on the record that he will not seek to recover damages in excess of $10,000. Defendant has failed to meet its burden to "demonstrat[e] federal jurisdiction by a preponderance of the evidence." See, Id.

Accordingly, the Court recommends that Plaintiff's Motion to Remand to State Court, [Docket No. 12], be **GRANTED**.[8]

As such, Defendant's Motion to Dismiss, [Docket No. 6], is rendered moot. See, Alliance Energy Servs., LLC, 80 F. Supp. 3d at 964.

## IV. CONCLUSION

A. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss, [Docket No. 6], be **DENIED as moot**; and

2. Plaintiff's Motion to Remand to State Court, [Docket No. 12], be **GRANTED.**

Dated: September __, 2017

Leo I. Brisbois
United States Magistrate Judge
District of Minnesota

---

[8] Plaintiff also seeks costs and attorney fees incurred in bringing the Motion to Remand and in responding to Defendant's Motion to Dismiss. (Mem. in Supp., [Docket No. 14], 8-9). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred at as result of the removal." 28 U.S.C. § 1447(c). However, "[a]ttorney's fees should be awarded only when the removing party had no objectively reasonable basis for removal." Medtronic, Inc. v. Endologix, Inc., 530 F. Supp. 2d 1054, 1059 (D. Minn. 2008). In the present case, although the Court has determined that remand is appropriate, the relevant case law is not settled, as explained above, and there is no indication in the record now before the Court that Defendant removed the action to this Court in bad faith. Therefore, the removal was not objectively unreasonable, and the Court recommends that this portion of Plaintiff's Motion to Remand be **denied**.

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).